IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **EMPIRE PETROLEUM PARTNERS, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-3105 |
| ) | |
| **ANAS BROTHERS OIL, LLC, ANAS FALAH, and HANI FALAH,** ) ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Empire Petroleum Partners, LLC's ("Empire Petroleum") December 11, 2012 Second Motion for Default Judgment against Defendants Anas Brothers Oil, LLC ("Anas Brothers Oil"), Anas Falah, and Hani Falah (collectively, "Defendants"). (Second Mot. for Default J., ECF No. 24.) The Court entered Judgment in favor of Empire Petroleum on October 9, 2012. (Default Judgment, ECF No. 23.) Empire Petroleum's instant Motion seeks Judgment against Defendants in the sum of $227,000.00. Defendants have not responded. For the following reasons, Empire Petroleum's Motion is GRANTED.

**I. Background**

The relevant facts are laid out in the Court's Order of August 28, 2012. (Order Granting Default Judgment, ECF No. 22.)

## II. Standard of Review

The Court has already granted Default Judgment in favor of Empire Petroleum, and the Defendants have not since responded or challenged that ruling. (Default Judgment, ECF No. 23.) The only remaining question is whether Empire Petroleum is entitled to a monetary recovery and in what amount.

When a default has been entered against a defendant, a plaintiff may seek default judgment from either the Clerk of the Court or from the District Court. Fed. R. Civ. P. 55(b). If "the plaintiff's claim is for a sum certain...the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted." Id. at 55(b)(1). If the plaintiff's claim is not for a sum certain or a sum that can be computed, "the party must apply to the court for default judgment" and the "court may conduct hearings or make referrals...when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Id. at 55(b)(2).

## III. Analysis

Empire Petroleum's Motion for Default Judgment is accompanied by the sworn affidavit of the company's attorney, Travis E. Booth, stating that Empire Petroleum's damages are in the exact

2

sum of $227,000.  (Booth Aff., ECF No. 24-1.)  Booth's Affidavit states that Defendants have received but not paid for an amount of gasoline equal to $152,000 under the terms of the parties' Supply Agreement.  (Id.; see also Supply Agreement, ECF No. 1-2; Amendments to Supply Agreement, ECF No. 1-3.)  Booth's Affidavit also states that Defendants owe Empire Petroleum $75,000 of upfront money which under the terms of the Supply Agreement must be returned if Defendants do not comply with the contract terms.  (Id.)  The Court has already granted Default Judgment, so Empire Petroleum's claim that Defendants have failed to comply with the contract terms in such a way that the upfront money condition was triggered is accepted as true for purposes of deciding this Motion.  See Brown v. Int'l Asset Group, LLC, No. 3:12-cv-256, 2012 U.S. Dist. LEXIS 170362, at *5 (S.D. Ohio Nov. 30, 2012).

   The Court agrees that Empire Petroleum's requested recovery is for a sum certain.  While the Clerk of the Court is not entitled to enter judgment when the relief requested by the plaintiff is not for a sum certain, the reverse does not apply to the Court itself.  See Fed. R. Civ. P. 55(b).  The District Court may but is not required to hold a hearing to determine the amount of relief requested by the plaintiff and to enter judgment. Vesligaj v. Peterson, 331 Fed. Appx. 351, 354-55 (6th Cir. 2009).  A district court may rely on affidavits to establish the

3

amount of damages appropriate for a default judgment both when a plaintiff seeks a specific amount of damages and when the sum of damages is not capable of being made certain by computation. See Brown, 2012 U.S. Dist. LEXIS 170362, at *6; LaFarge North Am., Inc., No. 4:08-cv-95, 2009 U.S. Dist. LEXIS 74965, at *9-10 (E.D. Tenn. Aug. 4, 2009).  Booth's Affidavit and the parties' Supply Agreement together are sufficient to demonstrate Empire Petroleum's damages in the amount of $227,000 and no hearing is necessary to establish Empire Petroleum's right to such recovery.

**IV.  Conclusion**

For the foregoing reasons, Empire Petroleum's Motion for Default Judgment in the amount of $227,000 is GRANTED.

So ordered this 8th day of January, 2013.

s/ Samuel H. Mays, Jr.___
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4